CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/21/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, *Plaintiff*, v. 0.22 ACRES, MORE OR LESS, IN NELSON COUNTY, VIRGINIA, *et al.*, *Defendants*. | Case No.: 3:18-cv-00105-NKM FINDINGS OF FACT & CONCLUSIONS OF LAW JUDGE NORMAN K. MOON |

This matter is before the Court on Atlantic Coast Pipeline, LLC's ("Atlantic") Motion for Default Judgment Against Remaining Defendants. Dkt. 14. For the reasons set forth herein, the Court will grant Atlantic's Motion and enter default judgment in Atlantic's favor in an accompanying Order, to follow.

**I.  BACKGROUND**

This case arises from Atlantic's lawful exercise of its eminent domain powers under Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h). On October 31, 2018, Atlantic filed its Complaint in Condemnation to acquire certain easements (the "Easements") in this matter. Dkt. 1. Atlantic later served the defendants named in this case through publication. On April 29, 2019, the Clerk of the Court entered default against all the defendants who have failed to respond ("Non-Responding Defendants"). Dkt. 13. Atlantic filed its Motion for Default Judgment against the Non-Responding Defendants on May 22, 2019. *See* Dkt. 14.

As a natural gas company in possession of a certificate of public convenience and necessity from the Federal Energy Regulatory Commission, Atlantic is entitled to condemn the property interests at issue in this litigation as a matter of law and is thus entitled to have default judgment

awarded in its favor against these defendants. Atlantic further presented evidence to the Court as to the just compensation owed to these landowners at a hearing conducted on August 20, 2019. Dkts. 24–25.

## II. FINDINGS OF FACT

### A. Atlantic Is a Natural Gas Company in Possession of a Certificate of Public Convenience and Necessity Issued by the FERC.

1. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a. Atlantic is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"), and is authorized to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce. *See* 15 U.S.C. § 717, *et seq.*; *see* Dkt. 15, Memo. in Supp. of Atlantic's Mot. for Default J., Ex. 1, Decl. of David Aman ("Aman Decl.") ¶ 7.

2. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project"). *See* Aman Decl. ¶ 5.

3. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina, to the City of Chesapeake, Virginia, and 16 inches in diameter in Brunswick County, Virginia, and Greensville County, Virginia. *See* Aman Decl. ¶ 8.

4. Natural gas transported by the ACP Project will serve multiple public utilities. *See* Aman Decl. ¶ 9.

5. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC

issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. *See* Aman Decl. ¶ 10; *see also* Aman Decl., Ex. A, the October 13, 2017 Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission to Atlantic.

        **B.**        **Atlantic Seeks to Condemn Certain Property Rights from Defendants.**

6. Each of the Non-Responding Defendants owns a property interest in the certain tract of land sought to be condemned by Atlantic. *See* Dkt. 1 ¶ 5.

7. Atlantic filed its Complaint in Condemnation to acquire certain easements from the Non-Responding Defendants. *See* Dkt. 1 ¶ 2.

8. Specifically, Atlantic seeks to construct a portion of the ACP Project on the Property described in detail below. The ACP Project cannot be constructed until Atlantic acquires a permanent easement (the "Permanent Easement"), and a temporary easement (the "Temporary Easement") (collectively the "Easements") on the Property. The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project. *See* Dkt. 1 ¶ 18.

9. The Permanent Easement to be taken on the Property includes a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable. *See* Dkt. 1 ¶ 20.

10. The Temporary Easement will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easement is requested as of the date of authorized entry onto the Property and its use is required until all work, including restoration,

is complete. The Temporary Easement will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements. *See* Dkt. 1 ¶ 21.

11. Defendants, All Unknown Landowners, own real property located in Nelson County, Virginia, identified as that certain triangular shaped portion of land which is not assessed nor mapped by the county of Nelson, containing 3.2 acres, more or less, bounded by:

    a. To the south, east, and west by Parcel Identification Number 59-A-6, described as that certain tract of land composed of 303.7 acres, more or less, being all that certain 151.6 acres, more or less, more particularly described in that certain survey plat filed in Plat Book 2, Page 5 (Plat Cabinet 7, Slide 1E), and all that certain 156.1 acres, more or less, more particularly described on that certain survey plat filed in Plat Book 1, Page 48 (Plat Cabinet 6, Slide 67-48); and

    b. To the northwest by that certain tract of land described as Parcel Identification No. 46-A-29, described as that certain tract of land composed of 16.75 acres, more or less being more particularly described on that certain plat recorded in Deed Book 44, Page 551, less and except that certain tract containing undetermined acreage as described in Deed Book 59, Page 422, recorded among the land records of Nelson County, Virginia; and

    c. To the north and northeast by that certain tract of land described as Parcel Identification No. 46-A-30, described as that certain tract of land composed of 47.9 acres, more or less, being all that certain 49.4 acres more particularly described in that certain survey plat attached and made part of that certain deed recorded in Deed Book 43, Page 570; less and except that certain tract

containing 1.5 acres, more or less, as described in that certain deed recorded in Deed Book 46, Page 357; less and except that certain tract containing undetermined acreage as described in Deed Book 59, Page 22, all recorded among the land records of Nelson County, Virginia. *See* Dkt. 1 ¶ 5.

12. Atlantic performed a reasonably diligent search of the records associated with the Property (as that term is defined in the Complaint in this matter) and has been unable to determine the identities of these defendant landowners, and therefore has been unable to acquire by contract the condemned easement rights. *See* Aman Decl. ¶¶ 12–13. The remaining, active defendants in this case are unknown heirs who collectively have a 100% ownership interest. *See* Aug. 20, 2019 Hr'g Tr. (Testimony of David Aman); Aman Decl. ¶ 13. Atlantic has been unable to determine the identities of the defendant landowners and therefore was unable to acquire by contract the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas. *See* Aman Decl. ¶¶ 12–15.

13. The area and dimensions of the Easements Atlantic seeks to condemn on the Property are depicted in Exhibit 4 to the Complaint in Condemnation. *See* Dkt. 1-8 (Ex. 4); *see also* Dkt. 25-2, Atlantic's Trial Exhibit No. 2. The legal rights that make up the Easements Atlantic seeks to condemn on the Property are recited in Atlantic's Complaint. *See* Dkt. 1 ¶¶ 20–21.

**C.  None of the Defendant Landowners Responded to Atlantic's Complaint in Condemnation.**

14. Atlantic has properly served process on the Non-Responding Defendants and filed the appropriate affidavits of service and certificates of proof of service by publication. *See* Dkts. 14–15; *see* Dkt. 15 at 4–5.

15. The Non-Responding Defendants have not filed any responsive pleading and are thus in default. *See* Dkt. 13.

16. Without gaining full access and rights to the Easements from the Non-Responding Defendants which are necessary to the ACP Project, Atlantic cannot timely complete construction of the ACP Project. *See* Aman Decl. ¶ 15.

## III. CONCLUSIONS OF LAW

### A. Entering a Default

1. Under Rule 12(a) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.

2. Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

3. As a result of the Non-Responding Defendants failure to respond, the Clerk of the Court entered default against them on April 29, 2019. *See* Dkt. 13.

### B. Atlantic Has the Right to Condemn

    *i.* *The Natural Gas Act Provides Atlantic with the Authority to Condemn*

4. The Natural Gas Act provides Atlantic with the authority to condemn interests in property where (i) Atlantic is the holder of a certificate of public convenience and necessity from

FERC and (ii) Atlantic and the landowner cannot agree on the compensation for the property interest at stake:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

### ii. *Atlantic Has a Certificate of Public Convenience and Necessity*

5. The FERC Certificate issued to Atlantic empowers Atlantic to exercise the right of eminent domain, which includes the power to condemn any land, including the Easements, which is necessary for the construction of the ACP Project. *See E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 818 (4th Cir. 2004).

6. No fact can genuinely be in dispute as to the issuance of the FERC Certificate or the contents therein because a certificate of public convenience and necessity is a matter of public record and not subject to collateral attack. *See E. Tenn. Nat. Gas, LLC v. 1.28 Acres*, No. 1:06-cv-00022, 2006 WL 1133874, at *13 (W.D. Va. Apr. 26, 2006) (holding that the defendants could not use a condemnation action to review the propriety of the issuance of a FERC certificate) (citing *Williams Nat. Gas Co. v. Oklahoma City*, 890 F.2d 255, 264 (10th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990)); *see also Am. Energy Corp. v. Rockies Express Pipeline LLC*, No. 2:09-cv-284, 2009 WL 2148197, at *3 (S.D. Ohio July 14, 2009) (holding that "a district court lacks jurisdiction to review the validity and/or conditions of a FERC certificate . . . [and] the function of the district court is not to provide appellate review, but rather to provide for enforcement").

7. Here, just as in *1.28 Acres*, Atlantic has satisfied the first condition of Section 717f(h) because FERC granted Atlantic a Certificate of Public Convenience and Necessity.

8. Based on the language of the FERC Certificate and controlling case law, Atlantic has the power of eminent domain under the Natural Gas Act and the right to the easements by eminent domain.

### iii. *The Easement Rights Atlantic Seeks Are Necessary*

9. Atlantic must acquire the Easements in order to install, construct, and maintain the ACP Project. *See* Aman Decl. ¶¶ 6, 15.

10. The FERC-approved route for the ACP Project crosses the Property. *See* Dkt. 1-8; *see also* Dkt. 25-2, Atlantic's Trial Exhibit No. 2.

11. The ACP Project cannot be constructed without the Easements. *See* Aman Decl. ¶ 15.

12. Thus, the Easements are necessary for the construction of the ACP Project, entitling Atlantic to partial summary judgment on its right to condemn the Easements. *See Transcon. Gas Pipeline Co., LLC v. Permanent Easement Totaling 2.322 Acres*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *5 (E.D. Va. Sept. 2, 2014) ("Additionally, the FERC Certificate[] . . . establishes that the property condemned in this matter is necessary for the construction, operation, and maintenance of the pipeline at issue."); *Hardy Storage Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations*, No. 2:07-cv-5, 2009 WL 689054, at *4 (N.D. W. Va. Mar. 9, 2009) (finding that a landowner's challenge to the necessity of the proposed easement constitutes an impermissible collateral attack).

### iv. *Atlantic Cannot Acquire the Necessary Easements by Contract*

13. Despite diligent efforts, Atlantic has been unable to determine the identities of the remaining defendant landowners. *See* Aman Decl. ¶¶ 12–13.

14. Atlantic has been unable to obtain the remaining interest in the Easements by contract. *See* Aman Decl. ¶ 13; *Hardy*, 2009 WL 689054, at *5 (finding that "[the condemnor] is not required by the [NGA] or Rule 71.1 to engage in 'good faith' negotiations with the landowner"); *E. Tenn. Natural Gas*, 2006 WL 1133874, at *10 (concluding that "[a]ll the [NGA] requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid").

### v. *The Non-Responding Defendants Are in Default*

15. The Non-Responding Defendants have failed to file an answer or response in the time period required pursuant to Rule 12(a) of the Federal Rules of Civil Procedure. *See* Dkt. 13.

16. As a result, the Clerk of the Court entered default for the Non-Responding Defendants on April 29, 2019. *See* Dkt. 13.

17. Atlantic is accordingly entitled to an order confirming its right to condemn the Non-Responding Defendants' Property pursuant to the authority conferred by 15 U.S.C. § 717f(h), and it is entitled to default judgment against the Non-Responding Defendants. *See, e.g.*, *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 827–28 (4th Cir. 2004) (citing cases); *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate, and Maintain a 24-Inch Transmission Pipeline Across Properties in Greene Cty., Va.*, No. 3:07-cv-28, 2007 WL 2220530, at *3–4 (W.D. Va. July 31, 2007) (awarding judgment where Columbia had established that it was a holder of a FERC certificate and no agreement with respect to just compensation could be reached); *Nw. Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement 50' x 1,560' Temp. Staging Area*, 197 F. Supp. 2d 1241, 1243–44 (E.D. Wash. 2002) (awarding summary judgment as to validity of taking); *Tenn. Gas Pipeline Co. v. New England Power, C.T.L., Inc.*, 6 F. Supp. 2d 102, 104 (D.

Mass. 1998) (granting motion for partial summary judgment where the condemnor satisfied the elements of Section 717f(h)).

18. Atlantic has established that it holds a FERC Certificate and that it has been unable to reach an agreement with the Non-Responding Defendants with respect to the Easements; there can be no dispute that Atlantic has stated a legitimate claim and is entitled to condemn the Non-Responding Defendants' Property. *See Columbia Gas Transmission, LLC v. 0.85 Acres, More or Less, in Harford Cty., Md.*, No. 14-cv-2288, 2014 WL 4471541, at *5 (D. Md. Sept. 8, 2014) (granting Columbia's Motion for Partial Summary Judgment where the court determined that requirements of Section 717f(h) were met); *Columbia Gas Transmission, LLC v. 370.393 Acres, More or Less, in Baltimore County, Md.*, No. 1:14-cv-469, 2014 WL 5092880, at *4 (D. Md. Oct. 9, 2014) (same).

**IV.    JUST COMPENSATION**

1. The only issue remaining for the Court is the just compensation that is owed to the remaining, Non-Responding Defendants.

2. Atlantic offered evidence about the property discussed above (the "Subject Property") and the areas of the take from each individual property, and the rights for the Easements that Atlantic seeks to condemn. *See supra*, Part III, § B(i)–(iv).

3. The landowners have the burden of proving, by a preponderance of the evidence, the amount of just compensation owed for the easements condemned by Atlantic. *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273 (1943); *Bank of Edenton v. United States*, 152 F.2d 251, 253 (4th Cir. 1945); *Vector Pipeline LP v. 68.55 Acres of Land*, 157 F. Supp. 2d 949, 952 (N.D. Ill. 2001).

4. Just compensation is measured from the point of view of the landowner. The yardstick is what a landowner has lost, not what Atlantic has gained. *Boston Chamber of Commerce v. City of Boston*, 217 U.S. 189, 195 (1910); *see also United States v. Causby*, 328 U.S. 256, 261 (1946) ("It is the owner's loss, not the taker's gain, which is the measure of the value of the property taken.").

5. Courts apply the objective standard of fair market value to determine what the landowner has lost when its property is condemned. *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511 (1979). Fair market value is defined as the fair and reasonable amount which could be attained in the open market at a voluntary sale. *Id.*

6. Where a taking is temporary in duration rather than permanent, then the condemning authority "essentially takes a leasehold in the property," and "the value of the taking is what rental the marketplace would have yielded for the property taken." *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995).

7. If the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court is able to use that evidence to determine the just compensation of the property and enter default judgment against defendant landowners and award the defendants their just compensation as determined by the condemnor. *See Gulf Crossing Pipeline Co. LLC v. 86.36 Acres*, No. 08-cv-689, 2009 WL 194389, at *3–4 (W.D. La. Jan. 23, 2009).

8. Here, Atlantic offered evidence to the Court as to the value of the Easements condemned through its valuation expert, Corey Sell, and the appraisal that Mr. Sell prepared for the Subject Property. Atlantic offered the appraisal of the Property as Atlantic's Trial Exhibit No. 4, Dkt. 25-4.

9. The appraisal for the Subject Property and the testimony of Mr. Sell are proper evidence for the determination of just compensation for the Subject Property. *See 86.36 Acres*, 2009 WL194389, at *4.

10. The appraisal report for the Subject Property established that it comprises 2.78 total acres of vacant land utilized for recreational purposes. Atlantic's Trial Exhibit No. 4, Dkt. 25-4. It further demonstrated that the site will be encumbered by a proposed 50-foot-wide Permanent Easement encompassing 0.120 acres, a Temporary Easement encompassing 0.100 acres. Mr. Sell testified, in conformity with the appraisal report, that the value of the Permanent Easement on the Subject Property is $270.00, that the damages to the remainder of the Subject Property is $0.00, and that the total market rent for the Temporary Easement on the Subject Property is $150.00— making the total just compensation for the Property $420.00.

11. Therefore, based on the testimony and appraisals of Mr. Sell, the total just compensation due to the defendants in this matter is $420.00.

## V. CONCLUSION

For the foregoing reasons, in an accompanying Order to follow, the Court will grant Atlantic's Motion for Default Judgment. Dkt. 14. The Court concludes that Atlantic shall pay just compensation to the Non-Responsive Defendants as set forth above, and Atlantic is entitled to immediate possession of Easements of the Subject Property identified in its Complaint.

The Clerk of the Court is directed to send to the parties a certified copy of these Findings of Fact and Conclusions of Law, and this Court's accompanying Order.

Entered this __21st__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE